[Civ. No. 5515. Third Appellate District.—February 25, 1936.]

HENRY G. ZANGER, Appellant, v. WILLIAM S. EATON et al., Respondents.

Owen D. Richardson and C. W. Pearson for Appellant.

138

Elystus L. Hayes, Henry S. Lyon and C. B. Wooster for Respondents.

PULLEN, P. J.—This was an action for specific performance of an agreement for the sale of certain real property. The trial court denied relief, and this appeal was taken from the judgment.

William S. Eaton was the owner in fee of some 2,000 acres of land lying in El Dorado County, of which approximately 115 acres was known as Kentucky Flat, and on which C. B. Wooster held a lease and option to purchase, receiving a deed therefor from Eaton on December 19, 1933.

On November 1, 1933, A. Le Roy Parkinson and Henry G. Zanger submitted to Eaton a written offer to purchase the property, except that portion sold or leased to Wooster, for $20,000 upon certain terms and conditions. This offer was rejected by Eaton. On November 24, 1933, Wooster who acted as agent for Eaton, transmitted an offer from Parkinson and Zanger to Eaton of $30,000 for the lands of Eaton, less a certain credit, the letter reciting, although claimed by Wooster to be a mistake, "including Kentucky Flat". On the same day Parkinson and Zanger agreed to pay Wooster $3,500 for his interest in Kentucky Flat contingent upon the acceptance of their offer by Eaton. On December 1, 1933, Eaton replied to this offer in a letter addressed to Wooster, wherein Eaton rejected the offer "for the property at El Dorado county" but submitted a counter-offer of $30,000 net. This counter-proposal addressed to Wooster read, "I cannot accept the offer which they have made. If they wish to buy the property they can do so on the following terms", and then is set forth the terms and conditions of payment. This offer was accepted by Zanger, he having acquired the interest of Parkinson, in the following language: "We have been shown your letter of December 1, 1933, to C. B. Wooster, setting forth your offer to sell all your property in El Dorado county, California. We accept your proposition . . . ; we to accept title to the property showing all the exceptions set forth in the policy of title insurance . . . " On December 18th, Eaton acknowledged receipt of the acceptance, adding, "you can of course arrange with him (Wooster) regarding the Kentucky Flat property if desired". Eaton did not include Kentucky Flat in the deed tendered under the acceptance,

and this suit for specific performance followed. Eaton testified he did not intend the letter of December 1st as an offer but as a letter of instruction to his attorney. When Wooster exhibited the Eaton letter of December 1st to Zanger and Parkinson he stated to them, ''Gentlemen, I call your attention to the fact the description in that letter is very incomplete and that you are getting under it all Mr. Eaton's property except Kentucky Flat as described in my lease and amended lease.''

The court found among other things, that on December 14, 1933, Eaton was the owner of all the property in dispute except that Wooster was the owner of a lease and in possession of Kentucky Flat; that plaintiff knew as a fact that Eaton did not intend to include Kentucky Flat in the property he was offering for sale, and that the acceptance sent by plaintiff to Eaton was made to him direct and not through his agent Wooster in order to enforce an acceptance by Eaton of the offer to sell all the property, including Kentucky Flat, in spite of the fact plaintiff knew Wooster had an interest in Kentucky Flat and that the offer of Eaton was for the sale of the property exclusive of Kentucky Flat. The court also found plaintiff's actions were inequitable and an unfair attempt to override Eaton and to force a contract on him other than contemplated by him.

It is quite evident from the testimony adduced that the parties had different properties in mind during their negotiations and that their minds never met and therefore no contract of sale and purchase was ever consummated. It is also apparent from the evidence and the findings of the court that plaintiff knew of the existence of the lease and option on Kentucky Flat in Wooster, and that plaintiff knew that Eaton at all times in referring to ''his property'' in El Dorado County, did not consider Kentucky Flat as a part thereof.

The unfairness of the attempt of Zanger to force upon Eaton the contract claimed by him is evident in that on November 24, 1933, an offer of something over $31,000 for both properties was rejected by Eaton, and on December 1, 1933, Eaton agreed to accept $30,000 for ''the property in El Dorado county'', Zanger also knowing that Wooster was holding Kentucky Flat for $3,500. It is therefore apparent that Zanger could not claim in good faith to be acquiring both prop-

erties for $30,000 when less than a week prior thereto his offer of over $31,000 had been refused as inadequate.

 Plaintiff in any event claims he is entitled to a decree of specific performance as to the property not included in Kentucky Flat at the rate agreed upon between the parties. This computation would allow Eaton something over $28,000 for his property, less Kentucky Flat, or approximately the same amount he would have received under the offer rejected by him in his letter of December 1st.

The question here involved, however, is not one of partial relief, but whether or not the minds of the parties met in the offer and acceptance or whether there ever was in fact a contract between the parties. The court having found that there was no contract to enforce, then there can be, of course, no specific performance.

The judgment appealed from is affirmed.

Thompson, J., and Plummer, J., concurred.